# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PATRICK DOUGLAS JOHNSON, #00399112 | § | |
| | § | CIVIL ACTION NO. 3:25-CV-0541-S-BK |
| v. | § | |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Petitioner Patrick Douglas Johnson's Motion for Reconsideration ("Motion") [ECF No. 42]. Because the pleading was filed within 28 days of the judgment dismissing his Section 2254 petition, it is properly considered under Federal Rule of Civil Procedure 59(e). Upon review of the Motion, the record, and the applicable law, the Court **DENIES** the Motion.

## I. BACKGROUND

On May 9, 2026, the United States Magistrate Judge recommended that Petitioner's Section 2254 petition be dismissed with prejudice because Petitioner failed to carry his burden for federal habeas relief. *See* ECF No. 35. Petitioner filed objections. *See* ECF No. 38. The Court overruled the objections, adopted the Magistrate Judge's Findings, Conclusions, and Recommendation ("FCR"), and entered judgment dismissing the case on June 15, 2026. *See* ECF Nos. 39, 40. Petitioner filed the Motion on July 9, 2026.

## II. LEGAL STANDARD AND ANALYSIS

Reconsideration of a judgment under Rule 59(e) is "an extraordinary remedy that should be used sparingly." *Edionwe v. Bailey*, 860 F.3d 287, 294-95 (5th Cir. 2017) (citation omitted). The rule serves the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence that was unavailable prior to judgment. *Id.* (citation omitted). It does not exist

to allow a losing party to raise arguments that could have been presented before judgment, to rehash prior arguments, or to express mere disagreement with the Court's ruling. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted). The rule "favor[s] the denial" of motions to alter or amend. *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (citation omitted).

To demonstrate manifest error, the movant must show more than that the Court's decision was wrong. The Court's analysis must have been so clearly erroneous as to be a "complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (citation omitted). Where the movant simply disagrees with the Court's weighing of the evidence or application of controlling law, Rule 59(e) provides no relief. *See id.*; *see also Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir. 2000) (noting it is within the court's discretion to reopen a case under Rule 59(e)).

Petitioner fails to meet the Rule 59(e) standard. He identifies no manifest error of law or fact and presents no newly discovered evidence. Instead, the Motion largely repeats arguments previously raised and rejected or expresses disagreement with the Court's resolution of his claims. In particular, Petitioner contends that the Court failed to determine whether his claims were adjudicated on the merits by the state court and therefore improperly applied AEDPA deference. Mot. 4-5. But the FCR expressly considered and rejected that contention, explaining that denial of Petitioner's state habeas application without written order constituted an adjudication on the merits entitled to AEDPA deference. FCR 18. The FCR also addressed Petitioner's related arguments concerning the absence of state court factual findings and his request for an evidentiary hearing. *See id.* at 17-18. Petitioner's renewed disagreement with those determinations does not demonstrate a manifest error warranting relief under Rule 59(e). *See Templet*, 367 F.3d at 478-79.

And to the extent Petitioner now raises arguments that were available to him before judgment but were not previously presented, Rule 59(e) does not provide a vehicle for asserting them after judgment. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). Therefore, Petitioner has not demonstrated any basis for altering or amending the judgment.

## III. CERTIFICATE OF APPEALABILITY

Considering the record and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference this Order and the FCR in support of its finding that Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007).

## IV. CONCLUSION

Based on the foregoing, Petitioner's Motion for Reconsideration [ECF No. 42] is **DENIED**.

**SO ORDERED.**

SIGNED September 2, 2026.

**UNITED STATES DISTRICT JUDGE**